Voto particular disidente emitido por el
Juez Asociado Se-ñor Estrella Martínez,
al cual se une el Juez Presidente Señor Hernández Denton.
Por considerar que la Regla 12(f) de nuestro Reglamento(1) y su jurisprudencia interpretativa requiere que un abogado que solicite admisión por cortesía presente los certificados acreditativos de la totalidad de las jurisdicciones en las que se encuentra admitido al ejercicio de la abogacía, respetuosamente disiento.
HH
El licenciado James Joseph Moylan presentó ante este Foro una moción para su admisión por cortesía con el fin de comparecer como representante legal de RD Capital Group en un procedimiento de arbitraje ante la Financial Industry Regulatory Authority (FINRA). La solicitud es-taba acompañada de una serie de documentos, entre los cuales se encontraba el curriculum vitae del peticionario y un certificado de admisión y buena conducta (good standing), emitido por la Corte Suprema del estado de Colorado. Aunque de los documentos presentados surge que el licenciado Moylan había sido admitido también a la práctica de la profesión legal en el estado de Illinois y en Washington DC,(2) este no incluyó las correspondientes *648 certificaciones acreditativas.(3) Sin requerirle la presentación de las restantes certificaciones y lamentablemente desatendiendo los propósitos primordiales del requerimiento establecido por la referida Regla 12(f), una mayoría de este Tribunal concede, sin más, la admisión por cortesía peticionada.
III
La polémica ante nuestra consideración requiere que dilucidemos si basta con que un abogado que interesa ser admitido por cortesía en nuestra jurisdicción evidencie su admisión y buena conducta en cualquiera de las jurisdic-ciones a las que ha sido admitido o, por el contrario, nece-sita presentar las certificaciones acreditativas correspon-dientes a todas las jurisdicciones en las que está autorizado a ejercer la profesión de la abogacía. Para ello, resulta necesario realizar un análisis que considere las dis-posiciones pertinentes de la Regla 12(f), supra, y su juris-prudencia interpretativa. Veamos.
Nuestro ordenamiento jurídico reconoce la posibilidad de que un abogado, admitido a la profesión legal en otro estado o territorio de Estados Unidos o en el Distrito de Columbia, sea admitido provisionalmente a nuestra juris-dicción para postular en casos especiales. A esos efectos, el interesado debe presentar una solicitud que cumpla a ca-balidad con una serie de requisitos establecidos en la Regla 12(f) de nuestro Reglamento. En lo pertinente, el peticio-nario tiene la obligación de presentar un certificado “expe-dido por el más alto tribunal del estado en el cual la persona solicitante está admitida al ejercicio de la profesión [...]”.(4) Este requerimiento persigue el propósito primor *649 dial de atestiguar que el peticionario se encuentra admi-tido en alguna de las jurisdicciones comprendidas y que “a la fecha del certificado se mantiene debidamente acreditada” su buena reputación. (Énfasis suplido).(5)
Esta Curia tuvo la oportunidad de examinar la Regla 12(f) en el contexto de procesos de arbitraje ante la FINRA en el caso normativo In re Wolper et al., 189 DPR 292 (2013). En aquella ocasión, conscientes de los “debate[s que se han generado] con relación a la práctica multijurisdiccional de la profesión legal”, (6) hicimos referencia a la Re-gla 5.5 de las Reglas Modelo de Conducta Profesional de la American Bar Association. Particularmente, el referido estatuto establece:
(c) A lawyer admitted in another United States jurisdiction and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
........
(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction [...] (Énfasis suplido).(7)
El comentario a la citada regla confirma que el peticionario no solo debe estar admitido a la práctica de la profesión, sino que, además, es necesario que certifique que cumple con los parámetros de buena conducta en aquellas jurisdicciones a las que pertenece. Esto es, no puede haber sido suspendido o desaforado de jurisdicción alguna.(8)
*650 Además, considerando que el peticionario en In re Wolper et al., supra, solicitaba la admisión al foro para fungir como representante legal de una parte en un proceso ante FINRA, mencionamos la Sec. 13208 del Code of Arbitration Procedures for Industry Disputes.(9) Esta concibe la intervención de un abogado como representante legal de una parte en un procedimiento ante FINRA si éste se encuentra en un estado de
[...] good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any Commonwealth, territory or possession of the United States, unless state law prohibits such representation.(10)
Idéntico lenguaje provee el Code of Arbitration Procedures for Customer Disputes, (11) Asimismo, ambos códigos admiten que un tercero represente a una parte en un procedimiento ante FINRA y excluyen explícitamente como posible representante a cualquier persona que se encuen-tre “al momento suspendido de la práctica de la profesión legal o desaforado”. (Traducción nuestra).(12)
Lo anterior evidencia que el requerimiento de la Regla 12(f) no intenta limitarse a que un peticionario haga cons-tar su admisión, sino que, además, es indispensable que el solicitante presente evidencia de todas las jurisdicciones a *651 las que pertenece. Para ello es necesario que se requiera la presentación de todos los certificados acreditativos y no solo de uno.
Así, se intenta proteger a los ciudadanos de un foro de las actuaciones impropias previas de un abogado que pue-dan ser incompatibles con los más altos estándares de nuestra profesión. Interpretar el lenguaje de la Regla 12(f) de forma ajena a la realidad multijurisdiccional actual y limitar el requerimiento antedicho a la presentación de un solo certificado acreditativo de admisión y buena conducta, a elección del peticionario, incide en la interpretación ar-moniosa que debemos realizar y resulta en una evaluación fragmentada e incompleta de un abogado que no pertenece al foro.
Soy del criterio que en el trámite de una solicitud de admisión por cortesía, el lenguaje de la Regla 12(f) y su correspondiente jurisprudencia interpretativa requiere la presentación de las certificaciones acreditativas de todas las jurisdicciones a las que pertenece el peticionario, a fin de poder evaluar cabalmente su solicitud.
hH I — I HH
En virtud de los fundamentos antes expuestos, le orde-naría al licenciado Moylan que presente las restantes cer-tificaciones que acrediten su admisión y buena conducta en las jurisdicciones de Illinois y Washington DC como condi-ción previa a conceder su admisión por cortesía.

 4 LPRA Ap. XXI-B.

 Actualmente, el licenciado Moylan es miembro inactivo de la profesión en Washington DC y miembro activo en los estados de Colorado e Illinois.

 Por otra parte, el licenciado Moylan cumplió con los demás requerimientos estatutarios de la Regla 12(f) de nuestro Reglamento, 4 LPRA Ap. XXI-B.

 4 LPRA Ap. XXI-B. La Regla 12(f) requiere, además, lo siguiente: (1) que un abogado admitido al ejercicio de la profesión en Puerto Rico endose la solicitud pre- *649 sentada y dé fe de la capacidad del solicitante para postular como abogado en el caso correspondiente; (2) que se acompañe con sellos de rentas internas por un valor de cuatrocientos dólares, salvo que el Tribunal autorice una dispensa por justa causa; (3) que, tanto el solicitante como el abogado que endosa la solicitud hagan constar que el primero domina el español o que, en su defecto, (4) el solicitante postule acompañado por un abogado del foro que domine tanto el español como el inglés.

Regla 12(f) del Reglamento del Tribunal Supremo, supra.

 In re Wolper et al., 189 DPR 292, 302 (2013).

 Model Rules of Prof’l Conduct R. 5.5(c).

 "There are occasions in which a lawyer admitted to practice in another United States jurisdiction,.and not disbarred or suspended from practice in any jurisdic *650 tion, may provide legal services on a temporary basis in this jurisdiction under circumstances that do not create an unreasonable risk to the interest of their clients, the public or the courts”. (Énfasis suplido). Model Rules of Prof’l Conduct R. 5.5(c) (Comment).

 Íd. Véase, además, Financial Industry Regulatory Authority, Code of Arbitration for Industry Disputes, http://finra.complinet.com/en/display/display_main.html?rbid=2403 & element_id=4193 (última visita, 20 de marzo de 2014).

 Íd., Sec. 13208(b).

 Financial Industry Regulatory Authority, Code of Arbitration Procedures for Customer Disputes, Sec. 12208, http://finra.complinet.com/en/display/ display.html?rbid=2403 & record_id=5193 & element_id=4114 & highlight=not+ disbarred#r5193 (última visita, 20 de marzo de 2014).

 El original señala: “currently suspended from the practice of law or disbarred”. Íd., Sec. 12208(c). Véase, además, Code of Arbitration for Industry Disputes, supra, Sec. 13208(c).